UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In proceedings under |
| | ) | Chapter 7 |
| JONATHAN J. MOGG and | ) | |
| DEBRA L. MOGG, | ) | Bk. No. 05-34066 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| JONATHAN J. MOGG and | ) | |
| DEBRA L. MOGG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-3078 |
| | ) | |
| CONSUMER COLLECTION | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter is before the Court pursuant to Plaintiffs' *Complaint for Sanctions, Actual Damages, Punitive Damages and Fees* (the "Complaint"); Plaintiffs' *Amended Complaint for Sanctions, Actual Damages, Punitive Damages and Fees* (the "Amended Complaint"); Defendant's *Motion to Dismiss* and supporting Memorandum of Law (collectively, the "Motion"); and Plaintiffs' *Brief in Opposition to the Motion*. In the Complaint and the Amended Complaint, Plaintiffs seek actual damages, punitive damages and contempt sanctions for

Defendant's alleged violation of the discharge injunction and applicable provisions of the Fair Debt Collection Practices Act (the "FDCPA").[1]

On September 2, 2005, Plaintiffs filed their case under Chapter 7 of the Bankruptcy Code. They received their chapter 7 discharge in December, 2005. The Plaintiffs' bankruptcy schedules reflect the name of Defendant Consumer Collection Management, Inc. in its capacity as a collector for one or more creditors. Defendant was not identified as having a claim for its own account.

Prior to commencement of the Plaintiffs' bankruptcy case, Defendant made reports to one or more credit reporting agencies of the existence and amount of the Plaintiffs' debts to certain creditors for whom Defendant acted as collection agent. Those reports also reflected the delinquent status of the debts and the fact that one or more of those debts were "in collection." The Plaintiffs have not alleged that Defendant made any post-petition reports.

After the Plaintiffs received their Chapter 7 discharge, Defendant did not make any changes to its prepetition reports to credit reporting agencies. Thus, the Plaintiffs' credit reports indicate that their debts to the creditors Defendant represents are still due and owing and that the debts are "in collection."

When they realized their credit reports contain what they consider incorrect information, the Plaintiffs, personally and through counsel, made written demand that Defendant send "corrective" information to the credit

---

[1] The Complaint contained counts for alleged violations of the Fair Credit Reporting Act and the Fair Credit Billing Act. In the Amended Complaint, Plaintiffs withdrew their requests for relief under those statutes.

2

reporting agencies. In essence, Plaintiffs wanted the Defendant to either eliminate the subject debts from the credit report altogether or note that the debt was discharged in the Plaintiffs' Chapter 7 case. The Defendant either failed or refused to do so. Importantly, the Plaintiffs have not alleged or otherwise suggested that the Defendant engaged in any overt conduct that would evidence intent to collect a prepetition debt.

After reopening their Chapter 7 case, Plaintiffs filed a four count complaint in which they sought sanctions, actual damages, punitive damages, costs and attorney fees for violation of the discharge injunction of §524(a) of the Bankruptcy Code, the FDCPA, the Fair Credit Reporting Act and the Fair Credit Billing Act. Plaintiffs subsequently filed their Amended Complaint in which they abandoned their claims under the Fair Credit Reporting Act and the Fair Credit Billing Act. Thus, the only claims remaining before the Court are the alleged violations of the discharge injunction and the FDCPA. Plaintiffs claim that they have been unable to obtain credit by virtue of the credit reports that reflect sums due and owing to the creditors Defendant represents.

Defendant filed its Motion to Dismiss in which it first claims that Plaintiffs may not prosecute an alleged violation of the discharge injunction by way of an adversary proceeding – Defendant asserts that Plaintiffs may only ask the Court to find Defendant in contempt and must do so in the form of a motion filed in the bankruptcy case. In addition, Defendant argues that the Court does not have jurisdiction to entertain "pendent" or "ancillary" claims such as the count at

3

issue here for violation of the FDCPA. Defendant also claims that its inaction in the face of the Plaintiffs' discharge and their demands that the credit reports be modified violates neither the discharge injunction nor the FDCPA.

## Standard for Review of Motion to Dismiss

In considering a motion to dismiss, it is incumbent on the Court to consider the allegations in the complaint in the light most favorable to the Plaintiffs. *Gossmeyer v. McDonald,* 128 F.3d 481, 484 (7th Cir. 1997). Thus, for purposes of this Opinion, the Court will assume that the allegations in the Amended Complaint are true. *Id.*

## Procedure and Jurisdiction

Under the Bankruptcy Code, a discharge constitutes an injunction against various actions for enforcement or collection of a debt as a personal obligation of the discharged debtor. *See* 11 U.S.C. §524(a). There is no provision in §524, or any other part of the Bankruptcy Code for that matter, that prescribes a unique remedy if a creditor violates the discharge injunction. By comparison, and by way of example, the Code expressly creates a cause of action for a willful violation of the automatic stay. 11 U.S.C. §362(h).

In the absence of a specific remedy under the Code, this Court must utilize the remedy employed for violations of an injunction, and that remedy is a proceeding for contempt. *Cox v. Zale Delaware, Inc.,* 239 F.3d 910 (7th Cir. 2001).

4

Even though under the facts and circumstances of *Cox*, the Court found that a debtor may have the right to sue for restitution for payments made under an invalid reaffirmation agreement, it recognized that if a debtor claims, in lieu of or in addition to a right of restitution, a violation of the discharge injunction, his or her remedy is by way of contempt proceedings. The Court stated:

> In the unlikely event that [the creditor] really has committed a deliberate, indeed a flagrant, breach of the filing requirement . . . [the debtor] could ask the bankruptcy court to hold [the creditor] in contempt of the discharge order, which the statute makes an injunction. In such a proceeding he could obtain not only restitution of the payments he had made (as in a suit for rescission) . . . but also a reasonable attorney's fee . . . These are standard remedies in cases of civil contempt . . . The victim of a violation of the statutory injunction might even be able to obtain punitive damages, though presumably only if he could prove criminal contempt . . .

*Id.* at 916 (citations omitted).   *See also Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000); *In re Holcomb,* 234 B.R. 79, 83 (Bankr.N.D. Ill. 1999); (*Perovich v. Humphrey,* 1997 WL 674975, *4 (N.D. Ill. Oct. 28, 1997).   Thus, if the Plaintiffs here wish to remedy a violation of the discharge injunction, their remedy is by way of a proceeding against Defendant for contempt.

A request for a finding of contempt arising out of an alleged violation of a court order, such as this Court's order of discharge in the Debtors' Chapter 7 case, must be brought as a motion, and not as an adversary proceeding. *In re Consolidated Industries Corp.*, 360 F.3d 712, 716 (7th Cir. 2004).   In finding that the alleged contemnor did not, in fact, act in contempt of court, the Seventh Circuit

5

in *In re Consolidated Industries Corp.* noted that "[a]s an initial matter, an adversary proceeding is not the proper vehicle to present a contempt claim, as civil contempt is a method of enforcing a court order, not an independent cause of action . . . The proper vehicle to enforce a court order is a motion in the original case." *Id.* *See also D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993) ("We begin with the observation that although Patrick initiated the proceeding below with a 'complaint' purporting to state a cause of action for civil contempt, in fact, 'there is no such thing as an independent cause of action for civil contempt.'") (citations omitted). The Plaintiffs here have therefore proceeded improperly in pursuing this matter as an adversary proceeding.

The Plaintiffs' use of an adversary proceeding is also an attempt to bootstrap the Court's subject matter jurisdiction over an alleged violation of the FDCPA. By commencing an adversary proceeding, as opposed to filing a motion for finding of contempt in the bankruptcy case, the Plaintiffs are asking the Court to exercise subject matter jurisdiction where it otherwise has none. In that respect, the claim under the FDCPA does not fall within those matters referred or referable to the Bankruptcy Court. *See* 28 U.S.C. §157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Plaintiffs' claim falls within none of the matters that can be heard by a bankruptcy court, and,

therefore, this Court cannot adjudicate Plaintiffs' cause of action under the FDCPA.

### Alleged Violation of the Discharge Injunction

Even if an adversary proceeding were the appropriate procedural mechanism for prosecuting a violation of the discharge injunction, the Court would nonetheless conclude that no violation occurred in this case. Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset [a discharged debt] as a personal liability of the debtor . . ." 11 U.S.C. §524(a)(2). Nothing in §524 expunges or extinguishes discharged debts – they simply may not be enforced as a personal liability of the debtor. Nothing in §524(a)(2), insofar as it applies here, requires a creditor to take any action following entry of a discharge. To the contrary, the injunction provided for in §524(a)(2) is prohibitive and not mandatory.

The plain language of §524(a) and the prohibitions therein do not encompass or otherwise proscribe passivity. *Cf. McCready v. eBay, Inc.*, 453 F.3d 882, 888-89 (7th Cir. 2006). In *McCready*, the Plaintiff complained, in part, that eBay suspended his account, and, therefore, violated some provision of the FDCPA. The Seventh Circuit unequivocally found that inaction does not create liability under the FDCPA. "To be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt, as

7

evidenced by the statute's use of active verbs . . . [The Plaintiff's] allegations make clear that eBay has remained passive and, at most, refused to act . . . In no way can this be construed as an effort by eBay to 'collect' a debt." *Id.* at 889. In the same way, the prohibition against affirmative conduct in §524(a) as evidenced by the statute's use of active verbs, demonstrates that Defendant's passivity in the face of the discharge injunction and the Plaintiffs' demands, cannot form the basis for contempt. *See also In re Mahoney*, 368 B.R. 579, 584-90 (Bankr. W.D. Tex. 2007) (the mere reporting to a credit bureau of the existence of a debt, even one that is discharged, does not violate the discharge injunction absent other overt acts taken in an effort to collect a prepetition debt); *In re Vogt,* 257 B.R. 65, 70 (Bankr. D. Colo. 2000) ("[I]t cannot be said that the Defendant's position in this regard, [i.e., post-discharge credit reporting], standing alone, was in any way 'an act' to effect collection of the debt. Nor can the Defendant be faulted, under section 524, for refusing to correct this report.").

While the Court sympathizes with the Plaintiffs' situation, it cannot conclude that Defendant engaged in any conduct that ran afoul of the discharge injunction. As noted above, the Plaintiffs do not claim the Defendant engaged in any other conduct that would evidence an effort to collect a debt. Absent conduct of that type coupled with a failure to amend or modify the Plaintiffs' credit report, Defendant did not violate the discharge injunction.

Accordingly, for the reasons set forth above, the Defendant's Motion to Dismiss is GRANTED.

SEE WRITTEN ORDER.


ENTERED: September 5, 2007                              /s/ Kenneth J. Meyers
                                                        UNITED STATES BANKRUPTCY JUDGE

9